**KIM HO MA, Plaintiff,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Defendant.**

**No. C99–151L.**

United States District Court, W.D. Washington, at Seattle.

July 13, 1999.

Jay Warren Stansell, Jennifer Wellman, Federal Public Defender's Office, Seattle, WA, for Kim Ho Ma, petitioners.

Quynh Vu, U.S. Department of Justice, Office of Immigration Litigation, Christopher Lee Pickrell, U.S. Attorney's Office, Washington, DC, for U.S. Immigration and Naturalization Service, respondents.

## ORDER SETTING HEARING

LASNIK, District Judge.

Kim Ho Ma's petition for a writ of habeas corpus and four others were designated "lead" cases in this district for the purpose of joint consideration of the government's indefinite detention of certain deportable aliens.[1] This order incorporates the Court's Joint Order and applies the analysis in that order to Mr. Ma's case.[2]

Ma entered the United States as a Cambodian refugee in 1985 at age 7, and became a lawful permanent resident in 1987. In 1996 he was convicted of first degree manslaughter, for which he served two years incarceration. He was then released to the Immigration and Naturalization Service, which began deportation proceedings. In September 1997 the INS ordered Ma removed as an aggravated felon. An Immigration Judge denied his requests for release on bond in October and December 1997. In both instances the Immigration Judge found that Ma was not a flight risk, but was a danger to the community. (AR 93, 41). Ma's appeal to the BIA was denied in October 1998. (AR 4). He has been in INS custody since June 1997, and subject to a final order of deportation since October 1998. The United States appears not to have requested travel documents for Ma from the Cambodian government.

As discussed in the Joint Order, deportable aliens like Ma are entitled to substantive due process under the Fifth Amendment. The government's continued detention of Ma violates his right to substantive due process if it is excessive in relation to the government's interests in effectuating his deportation. *See United States v. Salerno,* 481 U.S. 739, 747, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987); *Martinez v. Greene,* 28 F.Supp.2d 1275, 1282 (D.Colo.1998); *see also* Joint Order at 9. This inquiry requires the Court to weigh, Ma's interest in liberty against the government's interests in effectuating his removal, preventing his escape, and protecting the public. While it is clear that Ma's interest in liberty is strong, the government's interests depend upon the likelihood that it can *ever* complete Ma's deportation. *See* Joint Order at 9.

The record is not clear whether the government is likely to accomplish Ma's deportation. Although there is no evidence that the government has even requested the assistance of the Cambodian government, Ma's final order of deportation is only eight months old. There is little or no indication in the record whether Cambodia is likely to accept Ma, were it asked to do so. And the government raises but does not explain Mr. Ma's "pending Torture Convention claim." I.N.S. Brief at 10. These issues are critical to determining the weight of the government's interests in Ma's continued detention.

Accordingly, the Court will schedule a hearing in this matter. The parties are directed to contact this Court's deputy clerk to schedule such a hearing.

---

1. *See* Order on Lead Cases, and Stay of Related Cases, entered 4/22/99.

2. *See* Joint Order, entered 7/9/99.

The Clerk of the Court is directed to send copies of this order to all counsel of record.